David DAGNALL

v.

**DEPARTMENT OF HIGHWAYS, STATE OF LOUISIANA.**

No. 76–1936.

United States District Court,
E. D. Louisiana,
Section "H".

Feb. 21, 1979.

Robert E. Couhig, Jr., New Orleans, La., for plaintiff.

Jesse S. Guillot, New Orleans, La., for defendant.

## ORDER AND REASONS

DUPLANTIER, District Judge.

The attorney for the defendant Department of Highways of the State of Louisiana stipulated in a pretrial order that "Jurisdiction is based on diversity of citizenship and is uncontested." A jury resolved complex factual issues against the Highway Department and returned a verdict in favor of the plaintiff. The same attorney for the Highway Department now raises for the first

time on a motion for judgment n. o. v. the contention that the Eleventh Amendment bars this suit, as one against the State of Louisiana in a United States Court. The court having concluded that the state has waived its right to urge the Eleventh Amendment, the Highway Department's motion for judgment n. o. v. and alternatively for a new trial is denied.

At the outset, we take note of and concur with the well reasoned opinion of Judge Boyle in *Usry v. Louisiana Department of Highways,* 459 F.Supp. 56 (E.D.La. 1978), holding that, based upon *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), the State of Louisiana is the real party at interest in a personal injury damage suit against the Louisiana Department of Highways. Thus, we conclude, as did Judge Boyle, that in the absence of a waiver thereof, the Louisiana Highway Department defendant may avail itself of Eleventh Amendment immunity. However, in *Usry, supra,* the state raised the Eleventh Amendment bar by motion to dismiss for lack of jurisdiction filed prior to trial. Moreover, the pretrial order in that case did not explicitly concede jurisdiction. Thus, the *Usry* case held only that for Eleventh Amendment purposes the Highway Department is the State of Louisiana, and that there is no general waiver of Eleventh Amendment immunity by Louisiana in its Constitution or statutes. *Usry* did not involve the issue of waiver of immunity with respect to a particular action. We hold that *Edelman v. Jordan, supra,* does not require dismissal of this action, because the state waived its Eleventh Amendment immunity as to this particular suit.

The Supreme Court in *Edelman* stated: In deciding whether a State has waived its constitutional protection under the Eleventh Amendment, we will find waiver only where stated "by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." 415 U.S. at 673, 94 S.Ct. at 1360–1361, quoting *Murray v. Wilson Distilling Co.,* 213 U.S. 151, 171, 29 S.Ct. 458, 464, 53 L.Ed. 742 (1909).

Since the decision in *Edelman,* a number of federal courts have held that certain actions by representatives of a state may constitute an effective waiver of Eleventh Amendment immunity with respect to a particular case. In *Jordan v. Fusari,* 496 F.2d 646 (2nd Cir. 1974) the court held that a state attorney general's entry into a settlement agreement constituted a waiver of the Eleventh Amendment defense. In *Gallagher v. Continental Insurance Company,* 502 F.2d 827 (10th Cir. 1974) it was held that when the state made a general appearance, joined in a removal petition to federal court and resisted a remand motion, those actions amounted to a waiver. And, in *Vargas v. Trainor,* 508 F.2d 485 (7th Cir. 1974) *cert. den.,* 420 U.S. 1008, 95 S.Ct. 1454, 43 L.Ed.2d 767, the attorney for the state, in a memorandum opposing the issuance of an injunction, represented that if the plaintiff was ultimately successful in the case, the state would make the payments claimed. This representation was held to be a waiver of the state's Eleventh Amendment immunity. Thus, although the Eleventh Amendment defense has been considered to be in the nature of a jurisdictional bar, it may be waived by the state's consent to suit.[1]

Under the circumstances of the case *sub judice,* where the state has proceeded to trial by jury without objection and has conceded jurisdiction in the pre-trial order, a clearer declaration of the state's intention to submit the issues in this case to this court could hardly be imagined.

No state statute or Constitutional provision has been called to our attention which either grants or withholds from an

---

1. While the Supreme Court in *Edelman* treated Eleventh Amendment immunity as jurisdictional and permitted the state to assert its immunity for the first time on appeal, that case did not involve a jury verdict against the state on a disputed factual issue. Moreover, the issue is clearly not jurisdictional in the typical subject-matter sense, for the state can waive its immunity, while a litigant cannot confer subject matter jurisdiction upon a court.

attorney for the state or highway department the authority to waive Eleventh Amendment immunity either expressly, as in the pre-trial order, or impliedly by submitting to jury trial without raising the defense. Apparently, no reported Louisiana state court decisions deal with this precise issue.[2] There is, however, in Louisiana law, a strong presumption that an attorney acts with the authority of his client. His authority cannot be collaterally attacked nor impugned by suggestion, but can only be challenged by direct action under oath. *Gaudet v. Lawes,* 166 So.2d 337 (La.App. 1964). There is no reason to apply a different rule to an attorney acting for the state. La.R.S. 13:5103, reproduced below, provides specifically that procedural questions in a suit involving the state shall be decided in accord with the same rules applicable to private parties. Indeed, the same attorney who now represents to the court that he has authority to urge the state's immunity contends that he did not have authority to waive it.

By Act 434 of the 1975 Session, the Louisiana Legislature retained the state's general eleventh amendment immunity. (R.S. 13:5106). The same legislative act prohibited jury trials in suits against the state. (R.S. 13:5105). The pertinent language of the two sections is identical:

### ACT NO. 434

### HOUSE BILL NO. 1623

**An Act to amend and reenact Part XV of Chapter 32 of Title 13 of the Louisiana Revised Statutes of 1950, comprised of R.S. 13:5101 through R.S. 13:5111, relative to suits against the state, state agencies, or political subdivisions.**

*Be it enacted by the Legislature of Louisiana:*

Section 1. Part XV of Chapter 32 of Title 13 of the Louisiana Revised Statutes

of 1950, comprised of R.S. 13:5101 through R.S. 13:5111, is hereby amended and reenacted to read as follows:

### PART XV. SUITS AGAINST STATE, STATE AGENCIES, OR POLITICAL SUBDIVISIONS

#### § 5101. Application

This Part applies to any suit in contract or for injury to person or property against the state, a state agency, or a political subdivision of the state, as defined herein, and also applies to any other suit expressly authorized by special or general law or resolution adopted by the legislature.

#### § 5102. Definitions

A. As used in this Part, "state agency" means any board, commission, department, agency, special district, authority, or other entity of the state, but does not include any political subdivision or any agency of a political subdivision.

B. As the term is used in this Part, "political subdivision" means any parish, municipality, special district, school board, public board, institution, department, commission, district, corporation, agency, authority, or an agency or subdivision of any of these, and other public or governmental body of any kind which is not a state agency.

#### § 5103. Determination of procedural questions

All procedural questions arising in suits on claims against the state, state agencies, or political subdivisions shall be determined, except as the contrary is specified in this Part, in accordance with the rules of law applicable to suits between private parties.

#### § 5104. Venue

A. All suits filed against the state of Louisiana or any state agency may be instituted before the district court of the judicial district in which the state capitol is

---

2. Of course, this is not surprising, since the issue would ordinarily arise only in a U. S. Court.

located or in the district court having jurisdiction in the parish in which the cause of action arises.

B. All suits filed against a political subdivision of the state may be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause arises.

## § 5105. Jury trial prohibited

No suit against the state or a state agency or political subdivision shall be tried by jury.

## § 5106. Limitation

No suit against the state, state agency, or political subdivision shall be instituted in any court other than a Louisiana state court.

The Louisiana appellate courts have dealt with the issue of waiver of objection to jury trial under R.S. 13:5105. In those cases, the courts have held that when a public agency protected from jury trial under R.S. 13:5105 proceeds to trial by jury, the right to object to jury trial is waived. *Simmons v. Beauregard Parish School Board*, 315 So.2d 883 (La.App.1975) *writ refused* 320 So.2d 207 (1975); *Callahan v. Town of Bunkie*, 287 So.2d 629 (La.App.1973).

 Based upon the above-cited decisions, we conclude that the Louisiana Supreme Court would hold as we do that when the state proceeds to trial before a jury in a U. S. Court it waives both the right to object to a jury trial and its Eleventh Amendment immunity to suit in a U. S. Court. A contrary decision here would give the state a "no-lose" posture in this and all similar cases. If the jury resolves factual issues in favor of the state, the state wins; if against the state, the state obtains a post-verdict dismissal as sought here.

The Department of Highways also raises several specific objections in its motion for judgment n. o. v. or alternatively, for a new trial. These objections concern the trial court's instructions to the jury and some objections to the conduct of the trial. Since

the late Judge R. Blake West presided at the trial, this court must determine whether any of these issues is meritorious from a review of the transcript. The transcript indicates that no objection to any of the court's jury charges was made at trial. Under Rule 51, defendant has thus waived any objections to the charges. The other issues raised in the motion are equally without merit.