William C. **ROBERTS**

v.

**UNITED STATES of America and State of Louisiana.**

**Civ. A. No. 781118.**

United States District Court,
W. D. Louisiana,
Alexandria Division.

June 1, 1979.

Daniel E. Broussard, Jr., Alexandria, La., for plaintiff.

Steven Giglio, Baton Rouge, La., George H. Mills, Jr., Asst. U. S. Atty., Shreveport, La., for defendants.

MEMORANDUM RULING ON
MOTION TO DISMISS

EDWIN F. HUNTER, Jr., Senior District Judge:

Plaintiff, William C. Roberts, filed this suit against the United States of America and the State of Louisiana, seeking recovery of damages for the alleged injuries he

sustained on September 1, 1977, when he was allegedly knocked down by the blind operator of a news and concession stand located in the lobby of the Federal Building and Courthouse in Alexandria, Louisiana.

In his complaint, plaintiff alleges that the blind operator was an employee of either the United States or the State of Louisiana and was acting within the course and scope of his employment at the time of the alleged accident. Plaintiff contends that his injuries were caused solely and proximately by the joint and concurrent negligence and fault of the blind operator and the two defendants or their employees and agents.

Jurisdiction over plaintiff's claim against the United States is based on 28 U.S.C. §§ 1346(b), 2401(b) and 2671, et seq., hereinafter referred to as the Federal Tort Claims Act. Plaintiff alleges as the only ground for this court's jurisdiction over his state law tort claim against the State of Louisiana the "doctrine of pendent jurisdiction."

■ In general, pendent jurisdiction refers to the joinder of a state claim to a federal claim asserted against a defendant or defendants. See Wright, Law of Federal Courts, 3rd Edition, pp. 75–76 (1977). In the instant case, however, the federal claim is asserted only against the United States, and the state claim is asserted only against the other defendant, the State of Louisiana. Therefore, the pendent jurisdiction which plaintiff would have the court assert includes not only jurisdiction over a pendent state claim but also jurisdiction over the State of Louisiana as a pendent party.

The United States Supreme Court addressed some of the problems posed by pendent party jurisdiction in Aldinger v. Howard, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). The court examined at length the development of the concept of pendent jurisdiction and pointed out that there is a significant legal and factual difference between allowing a party stating a federal claim against a defendant to join with it a related state claim against that same defendant, and allowing a party to bring in an entirely new defendant to respond to a state claim. See Wright, Miller and Cooper,

Federal Practice and Procedure § 3567 (1975).

The Court did not set out definitive guidelines for the exercise of pendent jurisdiction in all situations, but did emphasize the importance of examining the congressional intent in the statute which provides the basis for the federal claim. The Court's holding in Aldinger was that pendent jurisdiction cannot be used to add a state claim against a party over whom there is no independent jurisdictional basis if the statute upon which the federal claim is based, either expressly or implicitly, negates the existence of federal jurisdiction over the pendent party.

■ In general, we do not think that the Federal Tort Claims Act expressly or implicitly negates the existence of federal jurisdiction over persons whose negligence might be joint or concurrent with the negligence of the United States. Indeed, Aldinger indicates that a very good argument could be made that, since the federal courts are the exclusive forums for the adjudication of tort claims against the United States, judicial economy and convenience are best served by exercising pendent jurisdiction over all claims related to the tort action against the United States. 427 U.S. at 18, 96 S.Ct. 2413.

This rationale is not determinative of the case sub judice because the other alleged tort feasor is the State of Louisiana which has moved to dismiss plaintiff's claim on the basis of its sovereign immunity under the Eleventh Amendment. This Amendment has been judicially construed to bar federal jurisdiction over suits brought against a state by its own citizens, despite the absence of language to that effect. Employees v. Department of Public Health and Welfare of Missouri, 411 U.S. 279, 280, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973); Parden v. Terminal Rwy., 377 U.S. 184, 186, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964); Hans v. Louisiana, 134 U.S. 1, 14–15, 10 S.Ct. 504, 33 L.Ed. 842 (1890).

■ Plaintiff contends that the State of Louisiana has waived its sovereign immuni-

ty by filing an answer to plaintiff's complaint, by participating in the deposition of the blind operator and by appearing and participating in the hearing on the motion for summary judgment filed by the United States. In addition, plaintiff contends that the State of Louisiana has waived sovereign immunity by its actions pursuant to 20 U.S.C. 107, et seq., in that Louisiana, through its agency, has accepted the responsibility of selecting blind vendors to operate concession stands located at federal facilities. Plaintiff urges that this action constitutes a waiver of sovereign immunity in suits arising from implementation of that statute.

As Judge Roney wrote in *Jagnandan v. Giles,* 538 F.2d 1166 (5th Cir., 1976), cert. denied 432 U.S. 910, 97 S.Ct. 2959, 53 L.Ed.2d 1083 (1977), "The principles guiding our determination on this issue are well settled. Waiver of the state's constitutional immunity must appear clearly and will not be easily implied." 538 F.2d at 1177.

It is true that some federal courts have held that certain actions by the representatives of a state may constitute an effective waiver of Eleventh Amendment immunity with respect to a certain case. See *Dagnall v. Department of Highways, State of Louisiana,* 466 F.Supp. 245, 246 (E.D.La.1979), and cases cited therein. However, we do not feel that the procedural actions taken by the representatives of the State of Louisiana in this case amount to a waiver of Eleventh Amendment immunity.

Neither do we find that the State of Louisiana, by participating in the program giving preference to blind vendors as provided for in 20 U.S.C. 107, et seq., has either expressly or implicitly consented to suit in federal court. See *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

Accordingly, the motion to dismiss on the basis of the sovereign immunity of the State of Louisiana is granted.[1]

---

1. It is noted that plaintiff has filed an action in the state courts against the State of Louisiana. Our action leaves plaintiff free to pursue that claim in that forum. If the state files a third party action against the United States in the state court, then the United States may remove to this court. If these events occur, we would consider that the state has implicitly consented to suit in federal court.